IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRIS DEDEAUX**                                                                                    **PLAINTIFF**

V.                                                                       CIVIL ACTION NO.: 3:19-cv-310-HTW-LRA

**PRECISION SPINE, INC. AND**
**SPINAL USA, INC.**                                                                          **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff, Chris Dedeaux, and brings this action against his former employers, Precision Spine, Inc. and Spinal USA, Inc. Plaintiff is seeking monetary, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to discrimination in the terms and conditions of his employment with Defendants. The actions of the Defendants are in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, and in violation of the Employee Retirement Income Security Act of 1974 (ERISA).

## THE PARTIES

1.  Plaintiff, Chris Dedeaux, is an adult male resident of Rankin County, Mississippi.

2.  Defendant, Precision Spine, Inc., is a joint employer of Plaintiff and is a Delaware Corporation that may be served through its registered agent, National Corporate Research, Ltd., 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

3.  Defendant, Spinal USA, Inc., is a joint employer of Plaintiff and is a Delaware Corporation that may be through its registered agent, National Corporate Research, Ltd., 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

## JURISDICTION

4. This court has federal question and civil rights jurisdiction for actions that arise under the Americans with Disabilities Act of 1990 (ADA).

5. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on October 12, 2018, a true and correct copy of which is attached as Exhibit "A." On March 8, 2015, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF FACTS

7. Plaintiff is a 36-year old Caucasian male who resides in Rankin County, Mississippi.

8. Plaintiff was hired by Defendants in Pearl, MS on January 10, 2011 and worked as a Senior Director until August 24, 2018.

9. In the past year, Plaintiff had suffered back problems and had filed a claim with his health insurance provider for problems associated with the L5S1 segments of his spinal column.

10. As an employee of Defendants, Plaintiff filed a medical claim with Defendants' self-insured health plan, and the required payout was potentially going to be a million dollars or more to cover orthopedic surgery costs.

11. With this prospect looming, the following events occurred.

12. On August 23, 2018, Plaintiff was advised by Defendants' CEO, Gil Aust, to go and work from home.

13. The next day, Plaintiff was called by Defendants' vice president and asked that he

rescind his resignation.

14. Plaintiff explained to the vice president that he had not resigned.

15. The vice president acknowledged that he was aware of this but advised Plaintiff that he needed him to "rescind" his alleged resignation for "legal matters."

16. Plaintiff complied with this request, sending an email to officially "rescind" his resignation, only because Plaintiff was instructed to by his superior and because Plaintiff was told that he could return to work in his usual capacity if he did.

17. Plaintiff had been in the process of attempting to purchase the company.

18. Plaintiff had been told not to discuss the possible purchase to anyone, so when contacted by friends or vendors Plaintiff had been telling them that he had resigned, i.e., to avoid the topic of the possible purchase.

19. Plaintiff had, in fact, however, never resigned.

20. When Plaintiff sent the email rescinding his resignation as requested by his superior, it was clearly Plaintiff's intention to continue employment and his submission of his "resignation" was a meaningless formality.

21. However, after Plaintiff sent his "rescinded resignation", the vice president refused to allow Plaintiff to come back to work.

22. To make matters worse for Plaintiff, unlike many other employees of the company, the company refrained from offering him any kind of severance package.

23. Following these events, Plaintiff filed for unemployment and the matter was contested in an Administrative Law Hearing by the MS Department of Employment Security on October 11, 2018.

24. In that hearing, the judge concluded that despite the company's contention that

Plaintiff resigned, Plaintiff had in fact been discharged by the company (i.e., the vice president had him rescind his resignation in order to make it look as if Plaintiff had resigned, but Plaintiff never actually had).

25.    Also, since there was no misconduct that led to the discharge, Plaintiff was consequently awarded eligibility to unemployment benefits. Defendants are now bound by this factual determination by the MDES Administrative Law Judge.

26.    Given that Plaintiff's aforementioned insurance claim was likely going to significantly raise the premiums of the company's self-insured health plan, the company's ouster of Plaintiff was clearly retaliatory in nature.

27.    Moreover, the foiled attempt to portray it as a resignation further is evidence of Defendants' deviousness in their motive.

28.    Defendants made no offer to accommodate Plaintiff or work with him in any manner.

29.    Defendants unlawfully discriminated against Plaintiff and discharged Plaintiff who was a participant in Defendants' health and welfare plans, thus intentionally interfering with Plaintiff's ERISA protected rights.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE ADA

30.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as if fully incorporated herein.

31.    The Defendants violated the ADA by arbitrarily refusing to reasonably accommodate the Plaintiff.

32.    The Defendants violated the ADA by terminating Plaintiff.

33. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II - VIOLATION OF ERISA

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Defendants unlawfully discriminated against Plaintiff and discharged Plaintiff who was a participant in Defendants' health and welfare plans, thus intentionally interfering with Plaintiff's ERISA protected rights. Defendants intentionally discriminated against Plaintiff and interfered with Plaintiff's ERISA protected rights.

36. Such actions constitute of violation of Section 510 of ERISA and entitle Plaintiff to reinstatement, including retroactive reinstatement of all health and welfare benefits, back pay, a surcharge, and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;
2. Compensatory damages against Defendants in an amount to be determined by the jury;
3. Interest;
4. A surcharge as specified by ERISA;
5. Punitive damages against Defendants in an amount to be determined by the jury;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the ADA and ERISA;

7. Such further relief as is deemed just and proper.

THIS the 2nd day of May 2019.

Respectfully submitted,

CHRIS DEDEAUX, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com